UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEGELMAN & ORLOW, P.C., *trading as*
BEGELMAN, ORLOW & MELLETZ,

   Petitioner,

      v.

DEBORAH LAMBERT DEAN,

   Respondent.

Misc. No. 13-699 (CKK)

MEMORANDUM OPINION
(October 7, 2013)

Petitioner Begelman & Orlow, P.C., filed this miscellaneous action on July 12, 2013, seeking to compel Respondent Deborah Lambert Dean of the Branch 5 Office of Procedure and Administration for the Internal Revenue Service to comply with a subpoena for the production of documents issued in this District on June 20, 2013. The Court granted the Respondent's motion to quash as conceded after the Petitioner failed to file a timely response to the motion to quash. Presently before the Court is the Petitioner's [6] Motion for Reconsideration. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that the Petitioner failed to set forth excusable neglect for failing to timely file an opposition to the motion to quash, and even considering the Petitioner's arguments on the merits, the Court would still have quashed the subpoena. Accordingly, the Petitioner's [6] Motion for Reconsideration is DENIED.

---

[1] The Court's analysis is based on the record as a whole, but focused on the following documents, in chronological order of filing: Pet'r's Mot. to Compel, ECF No. [1]; Resp.'s Mot. to Quash, ECF No. [3]; Pet'r's Mot. for Reconsideration ("Pet'r's Mot."), ECF No. [6]; Resp.'s Resp. to Pet'r's Mot. for Recons. ("Resp.'s Opp'n"), ECF No. [7]; Pet'r's Reply, ECF No. [8].

## I. BACKGROUND

Begelman & Orlow filed suit against Kristy L. Ferara in the United States District Court for the District of New Jersey, alleging Ms. Ferara breached her contract with Begelman & Orlow to pay the firm 33 and 1/3 percent of the gross amount of any whistleblower award to Ms. Ferara, minus costs. *Begelman & Orlow, P.C. v. Ferara*, No. 1:12-329, Compl. (D.N.J. filed Jan. 18, 2012). On June 20, 2013, the Petitioner issued a subpoena to Deborah Lambert Dean of the Branch 5 Office of Procedure and Administration for the Internal Revenue Service in Washington D.C. Subpoena, ECF No. [1-2], at 1. The subpoena instructed Ms. Dean to produce the "IRS form 11369 related to Kristy Ferara, Novatis Corporation, and any related entities," to McKnight and Kennedy, LLC, in Silver Spring, Maryland, at 10:00 AM on June 28, 2013.

The Petitioner moved to compel compliance with the subpoena on July 12, 2013. Pet'r's Mot. to Compel, ECF No. [1]. The Court noted that in initiating this miscellaneous action the Petitioner named the wrong party, and ordered Ms. Dean to show cause by no later than August 9, 2013, why the motion to compel should not be granted. 7/30/13 Order, ECF No. [2]. On August 9, 2013, the IRS filed a motion to quash. Resp.'s Mot., ECF No. [3]. The certificate of service indicates counsel for the Petitioner was served via the Court's electronic filing system ("ECF"), and a copy was served on the Petitioner itself via first class mail. Resp.'s Mot. to Quash at 4. Pursuant to Local Civil Rule 7(b) and Federal Rule of Civil Procedure 6(d), the Petitioner's response to the motion to quash was due on or before August 26, 2013. On August 28, 2013, the Court had yet to receive any response from the Petitioner, and thus granted the motion to quash. 8/28/13 Order, ECF No. [5].

The following day, the Petitioner filed the present Motion for Reconsideration. Pet'r's Mot., ECF No. [6]. The motion indicates that counsel for the Petitioner received a courtesy copy

of the IRS' motion, but "[d]ue to vacation dates," counsel "did not read th[e] Motion to Quash until after the response date had passed, and the Order was entered by this Court." Pet'r's Mot., ECF No. [6], ¶ 9. The Petitioner makes no mention of the ECF notification of the motion, which would have been received on or about 5:41 PM on August 9, 2013. Instead, the Petitioner laments that the IRS did not serve Begelman & Orlow itself with a copy of the Motion to Quash. *Id.* ¶ 8. The motion goes on to address the merits of the IRS' motion to quash. *Id.* ¶¶ 10-15. The Petitioner's motion to reconsider, including to the extent it argues the merits of the IRS' motion to quash, is now fully briefed and ripe for consideration by the Court.

## II. DISCUSSION

The Petitioner does not articulate a legal basis for reconsideration, but the Court construes the Petitioner's motion as a late motion for extension of time in which to respond to the IRS' motion to quash. Federal Rule of Civil Procedure 6 provides that the Court may extend the time for a party to act within a specified time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Petitioner argues that its failure to file a timely opposition to the motion to quash should be excused because (1) the IRS only served counsel for the Petitioner and not the Petitioner itself with a copy of the motion to quash; and (2) counsel for the Petitioner did not review the courtesy copy until after the response deadline had passed because counsel was on vacation. Notably absent from the Petitioner's motion is any explanation as to why counsel failed to act upon receipt of the ECF notification at approximately 5:41 PM on August 9, 2013, indicating the IRS had filed a motion to quash. "It is well-established that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect,' as is required for the granting of post-deadline extensions of time." *Jarvis v. Parker*, No. 13-350, 2013 WL 2406293, at *1

(D.D.C. June 3, 2013) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). Pursuant to Local Civil Rule 5.4(b)(6) counsel are "responsible for monitoring their e-mail accounts, and, upon receipt of an electronic filing, for retrieving the noticed filing." Local Civ. R. 5.4(b)(6). Even if counsel for the Petitioner did not receive the ECF notification, counsel "remained obligated to monitor the court's docket," particularly in light of the Court's order requiring the IRS to file its response on or before August 9, 2013. *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). "Indeed, one would think that, at the very least," counsel's or Petitioner's failure to receive a timely answer to the Order to Show Case "would has aroused [their] suspicion, thus prompting [them] to check the court's docket for any recent filings." *Id.* This is particularly true in light of the IRS' representation that it informed Begelman & Orlow itself on August 8 that the IRS would be asserting the deliberative process privilege in response to the motion to compel. Resp.'s Opp'n at 3.[2] Counsel's failure to respond to the motion to quash does not constitute excusable neglect, and the failure of the Petitioner, itself a law firm, to investigate the status of the motion to compel, merely compounds the failure to respond, and certainly does not excuse it.

Assuming *arguendo* that the Court were to find excusable neglect justifying the Petitioner's failure to respond to the IRS' motion to quash existed in this case, the Court would grant the IRS' motion to quash on the merits. The subpoena issued to Ms. Dean sought the "IRS Form 11369 related to Kristy Ferara." Section 25.2.2.6 of the Internal Revenue Manual identifies Form 11369 as a "confidential evaluation report on claim award" which "documents the whistleblower's contribution to the identification of tax non-compliance and collection of

---

[2] Petitioner indicates it does not recall the IRS making this representation. Pet'r's Reply at 1-2. Regardless, Petitioner should have expected that the IRS would file *something* on August 9, 2013, the deadline for the IRS to respond to the Order to Show Cause.

taxes, penalties and interest. The form and attachments will assist the Director, Whistleblower Office, in making an award determination." I.R.M. § 25.2.2.6(6), (14). Regulations provide that the claim file for the whistleblower should contain, among other things, "Form 11369 for each taxpayer," and "[n]arratives to fully explain the contributions of the whistleblower in the case and fully document the actions taken in regard to the issues." *Id.* § 25.2.2.6(14)(a)-(b). Once completed, the Form 11369 and other documents in the claim file are provided to the IRS Whistleblower Office, which reviews the documents and makes a recommendation as to an award percentage. *Id.* § 25.2.2.6(20); Decl. of D. Tonuzi, ECF No. [3-1], ¶ 6. The recommendation and claim file are provided to the Director of the Whistleblower Office, who reviews the materials and issues a final award determination. Tonuzi Decl. ¶ 6. The Petitioner clarified in the motion to reconsider that it "does not seek documents or records that were used to complete the Form 11369. *It only seeks the Form 11369 itself.*" Pet'r's Mot. ¶ 5 (emphasis added).

The IRS moved to quash the subpoena on the grounds the Form 11369 is protected by the deliberative process privilege. The deliberative process privilege "allows the government to withhold documents and other materials that would reveal advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (citation omitted). "Two requirements are essential to the deliberative process privilege: the material must be predecisional and it must be deliberative." *Id.* "Both requirements stem from the privilege's 'ultimate purpose[, which] . . . is to prevent injury to the quality of agency decisions' by allowing government officials freedom to debate alternative approaches in private." *Id.* (quoting *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)). The deliberative

process privilege does not shield documents that simply state or explain a decision the government has already made or protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations. *Id.*

The IRS explains that the Form 11369 contains "advisory opinions of government officials about the value of information provided by a whistleblower," including "the opinions of [IRS] personnel at many levels recorded at a time when the opinions were not fully developed and the issues were still being debated," and any factual information within the Form 11369 "is inextricably intertwined with the recommendation made by the Whistleblower Office personnel." Tonuzi Decl. ¶ 10. The Petitioner does not dispute the IRS' claim that the Form 11369 is subject to the deliberative process privilege, nor does it dispute that the factual information in the Form 11369 is inextricably intertwined with the privileged information. Instead, the Petitioner argues that it mistakenly requested the Form 11369 when in it really sought the "factual narratives" that form part of the whistleblower claim file, but do not constitute part of the Form 11369 itself. Pet'r's Reply at 2. Yet in the very next paragraph, the Petitioner indicates that it cannot pursue its claim against Ms. Ferara "without the knowledge of whether or not the IRS intends to pay Ms. Ferara an award," information that would be contained in the Form 11369 and *not* the factual narratives in the claim file. *Id.* at 3.

To the extent the Petitioner seeks the factual narratives in the IRS whistleblower claim file for Ms. Ferara, the Petitioner offers no legal basis on which the Court may compel the IRS to produce a document the Petitioner has not subpoenaed the IRS to produce. Examining the face of the subpoena actually issued by the Petitioner, the issue for the Court is whether the Petitioner has made a sufficient showing to overcome the IRS' invocation of the deliberative process

privilege. "The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need. This need determination is to be made flexibly on a case-by-case, ad hoc basis." *In re Sealed Case*, 121 F.3d at 737. In making this determination, the Court takes into consideration a number of factors, including "the relevance of the evidence," "the availability of other evidence," "the seriousness of the litigation," "the role of the government," and the "possibility of future timidity by government employees." *Id.* (citation omitted). The parties do not dispute that the Form 11369 is relevant to the litigation between the Petitioner and Ms. Ferara, although the relevance of this particular document is limited because the Form 11369 does not represent a final decision as to whether Ms. Ferara shall receive a whistleblower award. It is the IRS' final determination that is directly relevant to whether Begelman & Orlow is entitled to payment from Ms. Ferara. Moreover, the IRS argues the Petitioner could obtain the same information by propounding interrogatories to or deposing Ms. Ferara, which the Petitioner does not dispute. The Court does not doubt that the litigation is significant to the Petitioner, this is not a case in which the documents sought "may shed light on government misconduct," or otherwise "serve the public's interest in honest, effective government." *Id.* at 738. At its core, the subpoena at issue arises out of purely private litigation. By contrast, exposing the IRS' preliminary opinion(s) as to the appropriateness of a whistleblower award risks suppressing the agency's candor in the name of private litigation in which the Government has no vested interest. On balance, the Court finds that the Petitioner has not made a sufficient showing to overcome the IRS' claim of deliberative process privilege with respect to the Form 11369 regarding Kristy Ferara.

## IV. CONCLUSION

For the foregoing reasons, the Court declines to reconsider its earlier order granting the

IRS' motion to quash the subpoena issued by Petitioner Begelman & Orlow in connection with the Petitioner's suit against Kristy Ferara, seeking a portion of any whistleblower award to Ms. Ferara from the IRS.  The Court granted the IRS' motion to quash the subpoena as conceded when the Petitioner failed to file a timely response to the motion to quash.  In its present motion, the Petitioner did not demonstrate that its failure was due to excusable neglect.  Moreover, even if the Court were to reach the merits of the parties' dispute, the document requested in the subpoena is protected by the deliberative process privilege, and the Petitioner has not made a sufficient showing of need to overcome the claim of privilege.  Accordingly, the Petitioner's [6] Motion for Reconsideration is DENIED.

An appropriate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　 _/s/_
　　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE